Perfect 10 Inc v. Charlo Barbosa et al Doc. 19

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTERED
CLERK, U.S. DISTRICT COURT
AUG 26 2004
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

ORIGINAL

Case No. CV 04-2583 DSF (PLAx) Date August 26, 2004

Title *Perfect 10, Inc. v. Charlo Barbosa*

Present: The Honorable DALE S. FISCHER, UNITED STATES DISTRICT JUDGE

| Paul Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** **Order Granting the Motion to Dismiss for Lack of Personal Jurisdiction and Granting Limited Jurisdictional Discovery**

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

## I. INTRODUCTION

The Motion to Dismiss ("Motion") and Declaration of Charlo Barbosa were filed July 22, 2004. The Opposition and Declarations of Travis Nelson and Randall B. Lewis were filed August 9, 2004. The Reply, the Evidentiary Objections to the Declaration of Randall B. Lewis, Reply Declaration of Charlo Barbosa and Evidentiary Objections to the Declaration of Travis Nelson were filed August 16, 2004. The Court heard oral argument August 23, 2004. For the reasons discussed below, the Court GRANTS the Motion but gives Plaintiff LEAVE for limited jurisdictional discovery.

## II. FACTUAL ALLEGATIONS

Plaintiff Perfect 10, Inc. ("Perfect 10") is a California corporation with its principal place of business in Beverly Hills, California. Complaint ¶ 3.[1] Defendant Charlo Barbosa ("Barbosa") is a Canadian citizen who lives and works in British Columbia, Canada. Barbosa Dec. ¶ 3. Plaintiff alleges Defendant variously resides in Washington, Nevada or British Columbia and is doing business in California. Complaint ¶ 4. Barbosa, however, maintains he has no accounts or personal or real property in California, does not maintain an office or place of business in California, has not interacted with or paid taxes to any California public agency and is not affiliated with any

[1] Unless otherwise specified, all facts are taken from the Complaint filed April 13, 2004.



19

Dockets.Justia.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

SCANNED

California company. Barbosa Dec. ¶ 4.

Plaintiff alleges that Barbosa creates interactive Internet websites, including www.celebritystar.com and www.celebsunderground.com, that display photographs accessible to the public worldwide. Complaint ¶ 5. Plaintiff further alleges that Barbosa is the owner of the Internet domain names www.celebritystar.com and www.celebsunderground.com, though he used a false name and address to register them. Complaint ¶ 6. Plaintiff also insists Barbosa created and maintained website files and other means necessary to make accessible the audio-visual and pictorial displays at the www.celebritystar.com and www.celebsunderground.com websites. Complaint ¶ 8. The images contained on the websites www.celebritystar.com and www.celebsunderground.com both resolve to www.celebritystar.com. Complaint ¶ 9. Barbosa denies that he operated or had any functions relative to the two websites in question, insisting that another Canadian resident, Travis Nelson ("Nelson"), owned www.celebritystar.com and that www.celebsunderground.com is a separate front end that directs consumers to the members' area of www.celebritystar.com. Barbosa Dec. ¶ 6.

Perfect 10 is the producer, publisher and distributor of Perfect 10® products and services, including Perfect 10® magazine and an Internet website at www.perfect10.com. Complaint ¶ 11. Perfect 10 is engaged in the design, layout, filming, production, marketing and promotion of its products including photographs, films, video productions and other arts and is the copyright owner of these works. Complaint ¶ 12. Some of these copyrighted works appear with the published magazine Perfect 10® and on the website www.perfect10.com. Id. Perfect 10 has employed models for these works and these models have assigned and transferred their rights of publicity as to their likeness and name to Perfect 10. Complaint ¶ 13.

Plaintiff alleges Barbosa has copied Perfect 10's copyrighted works and published them on the websites www.celebritystar.com and www.celebsunderground.com without authorization or permission from Perfect 10. Complaint ¶ 14. Plaintiff further alleges Barbosa has solicited and received money from persons accessing these websites worldwide, including from California, in exchange for viewing photographs and other works on the www.celebritystar.com and www.celebsunderground.com websites, which included the copyrighted works of Perfect 10. Id. Plaintiff also argues that users of the Internet have obtained the aforementioned copyrighted works owned by Perfect 10 and copied them without the permission or authorization of Perfect 10. Complaint ¶ 15.

Based on the foregoing, on April 13, 2004, Plaintiff filed suit, alleging: (1) copyright infringement and contributory infringement pursuant to 17 U.S.C. §§ 501 *et seq.*; and (2) violations of rights of publicity pursuant to California Civil Code § 3344 and the common law. Defendant now brings this Motion to Dismiss for lack of personal jurisdiction, arguing: (1) Defendant personally has no minimum contacts with California; and (2) any alleged minimum contacts of third parties cannot be attributed to Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

SCANNED

III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss a motion for "lack of jurisdiction over the person."

Plaintiff has the burden of establishing that defendant has sufficient minimum contacts with California to satisfy due process. See AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). However, in order to survive a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie showing by "demonstrat[ing] facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In determining whether Plaintiff has made this prima facie showing, "uncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." AT & T, 94 F.3d at 588 (internal quotations and citations omitted).

Personal jurisdiction may be either general or specific. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414-16 (1984). A defendant is present "generally" in the forum where the defendant is domiciled in the forum state or has "'substantial' or 'continuous and systematic' contacts with the forum state, even if the cause of action is unrelated to those contacts." Gator.Com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1076 (9th Cir. 2003) (citations omitted). "Specific jurisdiction" exists where the claim for relief arises directly from defendant's contacts with the forum state. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

Where, as here, no general jurisdiction exists, the Court must use a three-part test to evaluate whether Defendant's contacts with the forum state are sufficient to establish specific jurisdiction: (1) the nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. Gordy v. Daily News, L.P., 95 F.3d 829, 831-32 (9th Cir. 1996).

The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1995) (citations omitted). Rather, the "Ninth Circuit has held that the purposeful availment requirement is satisfied if a defendant has taken deliberate actions within the forum state or if he has created continuing obligations to forum residents." Colt Studio v. Badpuppy Enterprise, et al., 75 F. Supp. 2d 1104, 1109 (C.D. Cal. 1999) (citing Ballard, 65 F.3d at 1498).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

SCANNED

The test for purposeful availment is met even by a defendant "whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (citations omitted). Thus, personal jurisdiction cannot be evaded solely by a defendant's physical absence from the forum state. Burger King, 471 U.S. at 476 ("Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted.").

IV. ANALYSIS

Plaintiff has proffered two bases for personal jurisdiction over Barbosa: (1) that his websites were used by California subscribers; and (2) that he received payment from Paycom Billing Services, Inc. ("Paycom"), a supposed California company allegedly used to process billing on the websites in question. While either of these bases might be sufficient to establish personal jurisdiction, Plaintiff has not provided sufficient evidence to satisfy its burden.

Assuming *arguendo* that Barbosa had control over the websites in question, Plaintiff has failed to demonstrate that California users subscribed to these sites. Celebritystar.com was an interactive website which allowed internet users to subscribe by paying money through the use of a credit card. Lewis Dec. ¶ 4. Plaintiff argues that as Californians had access to the websites, they were likely subscribers. Purposeful availment exists where the alleged operator of a website – here, Barbosa – displays images in California and maintains a significant number of subscribers in California. Colt Studio, 75 F. Supp. 2d at 1109.

Plaintiff argues that here, as in Colt Studio, the business conducted through the celebritystar.com and celebsunderground.com websites consisted of selling membership subscriptions to individuals throughout the world. As in Colt Studio, therefore, the celebritystar.com and celebsunderground.com websites likely derived revenue from subscribers in California that create "continuing obligations" to a substantial number of California residents.

Unlike in Colt Studios, however, Plaintiff here has provided no evidence that California subscribers used the websites in question. This Court will not assume that merely because Californians had access to the websites they subscribed to them. "Creating a site, like placing a product into the stream of commerce, may be felt nationwide – or even worldwide – but, without more, it is not an act purposefully directed toward the forum state." Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

SCANNED

1997) (no purposeful availment of New York where Missouri defendant in trademark infringement case had merely created a website that might feasibly be accessed in New York).

With respect to Plaintiff's argument that Defendant used Paycom to process transactions for celebritystar.com, Plaintiff has failed to properly authenticate the documents submitted to establish that Paycom is a California corporation or that Barbosa used Paycom to process billing for the websites he allegedly controlled. Plaintiff submits a document it insists is Paycom's billing information, which states payments for membership signups of celebritystar.com were directed to "Charlo Barbosa" at "IClicks USA, LLC." See Lewis Dec. ¶¶ 3-4, Exs. 5-6. Plaintiff also submits several webpages that give a California street address attributed to Paycom. See Lewis Dec., Exs. 2-3. Plaintiff has failed to authenticate the submitted webpages. Website contents, like the ones submitted here, are hearsay if offered for the truth of the matter asserted and are subject to the same hearsay rules as any other document. See Van Westrienen v. Americontinental Collection Corp., 94 F. Supp. 2d 1087, 1109 (D. Ore. 2000); U.S. v. Jackson, 208 F.3d 633, 637 (7th Cir. 2000) ("[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules.") (internal quotations and citations omitted). The submission of the webpages allegedly establishing Paycom's status as a California corporation or establishing that Barbosa received payments via Paycom fit under no exception to the hearsay rule and are properly excluded on that basis.

Based on the foregoing, Plaintiff has submitted insufficient evidence to establish personal jurisdiction over the Defendant. Plaintiff is granted leave for limited jurisdictional discovery to establish that California users used the websites in question and that Paycom is a California corporation used by Defendant to receive payment from these websites. See Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 713 (9th Cir. 1992) ("Where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed.").

## V. CONCLUSION

For the reasons previously stated, the Motion is GRANTED and Plaintiff is granted LEAVE to conduct limited jurisdictional discovery with respect to this matter.

Initials of Preparer ____